**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,   )<br>                              )<br>       Plaintiff,            )<br>                              )<br> vs.                          )<br>                              )<br>                              )<br> Carlos H. Cortez,            )<br>                              )<br>       Defendant.            )<br>                              ) | No.  CR-18-00858-01-PHX-SPL<br><br>**ORDER** |

The Court has received Defendant Carlos H. Cortez's Amended Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1) (Doc. 69), the Sealed Exhibits to the Motion (Doc. 73), the United States' Response (Doc. 74), Defendant's Supplemental Response (Doc. 75), the Sealed Exhibits to the Response (Doc. 79).

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows the Court to reduce a sentence based on "extraordinary and compelling reasons." Here, Defendant seeks release solely because of his "serious physical health issues that make him more susceptible to contracting the Covid-19 virus." (Doc. 69 at 1). However, the Government has provided documentation indicating that Defendant has received both doses of the Pfizer COVID-19 vaccine. (Docs. 75 & 79).

The Pfizer vaccine has proven to be 95% effective in preventing infection and even more effective in preventing severe disease. *See* FDA Decision Memorandum, Pfizer – Dec. 11, 2020, https://www.fda.gov/media/144416/download. The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19

presents "extraordinary and compelling reasons" to justify his release pursuant to 18 U.S.C. §3582(c)(1)(A). *See, e.g.*, *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) (denying compassionate release based on defendant's vaccination because "[a]lthough it is currently unknown how long immunity produced by vaccination lasts, based on evidence from clinic trials, the Pfizer-BioNTech vaccine [defendant] received was 95% effective at preventing COVID-19 illness. The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden."); *United States v. Jones*, No. 2:18-CR-008-APG-NJK, 2021 WL 131257, at *1 (D. Nev. Jan. 13, 2021) (finding that, in light of defendant's prior COVID-19 infection and the fact that "vaccines are being rolled out to inmates," "[t]he risk of COVID-19 infection, standing alone, does not constitute an 'extraordinary and compelling reason' for compassionate release"); *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).").

Because Defendant has not shown a susceptibility to the virus, and because he seeks compassionate release based solely on that basis, the Court will deny the motion. *See, e.g.*, *United States v. Williams*, No. CR-17-01279001-PHX-DLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) (denying compassionate release solely because Defendant did not adequately show he was at an increased risk for contracting COVID-19, and in fact refused the vaccine, without considering other factors); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release based solely on the fact that defendant's "vaccination significantly mitigates the risk that he will contract COVID-19").

///
///
///
///

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(C)(1) (Doc. 69) is **denied**.

Dated this 23rd day of February, 2021.

Honorable Steven P. Logan
United States District Judge